IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEGAN ORTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-6535 |
| ) | |
| VEIN CLINICS OF AMERICA, INC., and ) | |
| INTEGRAMED AMERICA, INC. ) | |
| ) | |
| ) | **Jury Trial Requested** |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, MEGAN ORTO ("Plaintiff"), by and through her attorneys, Faccenda Law Group LLC, and for her Complaint against the Defendants, VEIN CLINICS OF AMERICA, INC. and INTEGRAMED AMERCIA, INC. (hereinafter referred to collectively as "Defendants"), states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action pursuant to The Americans With Disabilities Act (the "ADA") 42 U.S.C. §12101 *et. seq.*, as amended by ADA Amendments Act of 2008 seeking to redress the Defendants' unlawful employment practices on the basis of disability and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII") for the Defendants' discrimination against Plaintiff in violation of Title VII and as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k).

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which states that federal courts have primary jurisdiction over actions that arise under the laws of the United States.

3. Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this District, Defendants are engaged in business in this District, and the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4. Plaintiff Megan Orto is an individual residing in Kendall County, Illinois, who was employed as a clinic coordinator at the Defendants' facility located at 1901 Butterfield Road, Downers Grove, DuPage County, Illinois.

5. Defendant Vein Clinics of America, Inc. is a healthcare services company incorporated in the state of Delaware, qualified and doing business in Illinois, including in DuPage County, Illinois.

6. Defendant Integramed America, Inc. is a healthcare services company incorporated in the state of Delaware, qualified and doing business in Illinois, including in DuPage County, Illinois.

7. At all relevant times, the Defendants had more than fifteen (15) employees in Illinois and were an "Employer" as defined by the ADA.

8. At all relevant times, Plaintiff was qualified to perform her job duties with the Defendants. At all relevant times, Plaintiff satisfactorily performed her job duties with the Defendants.

9. In 2014 Plaintiff was employed by the Defendants and was an employee within the meaning of the ADA.

10. At all relevant times, Defendants have continuously been and are now employers in an industry affecting commerce within the meaning of Sections 701(b) and (h) of Title VII and employ or have employed more than fifteen (15) persons.

11. In 2014 Plaintiff was employed by Defendants and was an employee within the meaning of Title VII and the PDA.

## PROCEDURAL BACKGROUND

12. On March 25, 2015 and then on June 26, 2015, Plaintiff timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination as well as pregnancy and sex discrimination. True and correct copies of those Charges are attached hereto as Group Exhibit A.

13. On June 15, 2017, the EEOC issued Plaintiff a Notice of Right to Sue entitling her to institute a civil action within ninety (90) days of the date of receipt of said Notice. A true and correct copy of that Notice is attached hereto as Exhibit B.

14. Plaintiff has filed this lawsuit within ninety (90) days of receiving the EEOC Notice of Right to Sue. Plaintiff has fulfilled all conditions precedent to the institution of her lawsuit under the ADA, Title VII and the PDA.

## FACTS

15. Plaintiff began working for Defendants in December of 2010 as a clinic coordinator, working on site for the Defendants at their Downers Grove, Illinois location.

16. Plaintiff was an outstanding employee who often earned praise from her supervisors and fellow employees. Plaintiff's supervisor often had her mentor other employees and her supervisor often added to Plaintiff's responsibilities.

## Pregnancy Complications/Leave

17. On or about October of 2013, Plaintiff informed Defendants that she was pregnant with her second child.

18. Plaintiff's direct supervisor, Angela Smith ("Smith"), Director of Central Services for Defendants, was supportive of Plaintiff's pregnancy at first, however, Smith began to question how much maternity leave Plaintiff intended to take. Smith told Plaintiff she did not want to lose her for too long.

19. Plaintiff gave birth to her daughter on May 2, 2014.

20. On or about March 2014, Plaintiff was forced to seek leave from work because of medical complications related to her pregnancy. Plaintiff immediately informed Smith who seemed upset about the development, and Smith told Plaintiff she should not take the full three months of maternity leave because Smith needed her to work.

21. On or about March 26, 2014, Plaintiff took Family Medical Leave Act ("FMLA") leave because of these complications and was set to return to work on June 18, 2014.

22. After Plaintiff's daughter was born, and while Plaintiff was still on maternity leave, Smith texted and called Plaintiff multiple times a week to ask when Plaintiff planned to return to work.

23. On or about June 12, 2014, prior to the Plaintiff's return to work date, Plaintiff contacted Smith to inform her that she had developed severe postpartum depression and would not be able to return to work yet as scheduled.

### Requests For Reasonable Accommodations

24. Shortly after first informing Smith of her postpartum depression diagnosis, after the Plaintiff was returning from a visit with her doctor, Plaintiff stopped at work to see Smith and update her on Plaintiff's condition. At that meeting, Plaintiff showed Smith her doctor's note detailing her postpartum condition and Plaintiff then asked for a reasonable accommodation to her limitations by Defendants extending her return to work date so her doctor could reevaluate her. Smith also stated that Plaintiff was likely depressed just about having to come back to work, and maybe this was just a sign to stay home for good, and stop working all together. Smith also stated that sometimes "we just need to suck it up and power through things and they would go away." Smith went on to say that "we all go through hard times but we just have to get through it and get back to work, it can be better to get back to work as it can be depressing at home." Finally, Smith related that when she gave birth she was depressed, and remembered crying, but she just powered through it. Plaintiff responded by saying she did not necessarily believe in postpartum until she had it, and Smith replied, "it is a hard thing for people to believe."

25. Following Plaintiff's meeting with Smith, Defendants granted Plaintiff a two week and then a one-week extension of her unpaid leave.

26. Defendants then informed Plaintiff that if she could not return to work by July 28, 2014 she would be terminated.

27.     Approximately two weeks prior to her termination, Plaintiff asked Smith for a reasonable accommodation of possibly working part-time or from home until she was able to return full-time. Plaintiff told Smith that her doctor would approve such a reasonable accommodation request. Smith denied Plaintiff's request.

28.     Around the same time, during a phone call with former Human Resources Director Bud Feigenbaum ("Feigenbaum"), Plaintiff again repeated her request for reasonable accommodations by requesting part-time and/or work from home until she could return full-time. Feigenbaum denied these requests.

### Work at Home/Part-time Workers/Holding Positions

29.     Throughout her employment with Defendants, Plaintiff and her co-workers often took part in supervisor run meetings where the subject of employees working from home and/or part-time and/or holding job positions was discussed.

30.     At one meeting, one of Plaintiff's former supervisors, Vicki, asked if anyone present minded if an employee named Flora who needed dialysis worked part time to accommodate her condition. No one present voiced any disagreement. Flora was told she could come in as she was able, and some weeks she worked three days a week and other weeks she worked one day a week.

31.     Before, during and after Plaintiff's employment with Defendants numerous clinic coordinators, and other types of employees, were permitted to either work part-time or from home. These individuals were given these accommodations and all of these individuals' positions were held for them and they were not terminated.

6

32. On July 28, 2014 Smith called Plaintiff and terminated her. Plaintiff asked Smith if her position would be held for her or available to her in the future and Smith said no.

33. As a result of the Defendants' conduct, Plaintiff has suffered loss of wages and benefits, as well as severe emotional distress, and other damages.

## COUNT I
## ADA- Disparate Treatment/Termination

34. Plaintiff realleges paragraphs 1 through 33 of this Complaint as and for this ¶34 as though fully set forth herein.

35. At all times relevant hereto, Plaintiff was an individual with a "disability" and/or was considered to have a "disability," as that term is defined in the ADA and ADA Amendments Act, in that she suffered from postpartum depression.

36. Plaintiff had a physical or mental impairment, postpartum depression, that substantially limited one or more of her major life activities, including her ability to function both physically and mentally, had a record of such impairment, and/or was regarded as having such an impairment. Plaintiff was qualified to perform the essential functions of her job as a clinic coordinator with or without a reasonable accommodation.

37. Plaintiff's similarly-situated employees who were not regarded as having a disability and not having postpartum depression were treated more favorably than Plaintiff, as they were not terminated because of their disabilities and were allowed to work part-time and/or from home and their jobs were held for them if they could not report to work.

38. The Defendants replaced Plaintiff with a non-disabled employee shortly after her termination.

39. The Defendants terminated Plaintiff because of her disability.

40. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost wages and benefits, future pecuniary losses and other consequential damages.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment in favor of Plaintiff and against the Defendants for violation of Plaintiff's rights under the The Americans With Disabilities Act:

B. Declare that the actions of the Defendants were discriminatory;

C. Award Plaintiff compensatory damages, including, but not limited to, lost wages and other benefits, in such amount as will reasonably compensate her for her losses, and damages for emotional distress;

D. Award Plaintiff punitive damages in such amount as the Court deems proper;

E. Award Plaintiff her costs, attorneys' fees and non-taxable expenses in this action;

F. Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT II
### Violation of the ADA- Failure To Accommodate/Termination

41. Plaintiff realleges paragraphs 1 through 40 of this Complaint as and for this ¶41 as though fully set forth herein.

8

42. At all times relevant hereto, Plaintiff was an individual with a "disability" and/or was considered to have a "disability," as that term is defined in the ADA and ADA Amendments Act, in that she suffered from postpartum depression.

43. Plaintiff had a physical or mental impairment, postpartum depression, that substantially limited one or more of her major life activities, including her ability to function both physically and mentally, had a record of such impairment, and/or was regarded as having such an impairment. Plaintiff was qualified to perform the essential functions of her job as a clinic coordinator with or without a reasonable accommodation.

44. The ADA prohibits an employer from discriminating against an individual based upon (amongst other things) her disability.

45. The ADA requires an employer to provide reasonable accommodations to its disabled employees.

46. Following her diagnosis with postpartum depression, and up and until her termination on July 28, 2014, Plaintiff made numerous requests for reasonable accommodations in the form of part-time and/or work at home requests, thereby asking the Defendants to make reasonable accommodations to her disability.

47. The Defendants refused these requests both before and when they terminated Plaintiff on July 28, 2014.

48. Plaintiff's requested accommodations were reasonable and would not have been unduly burdensome for the Defendants, and could have been accommodated but for Defendants bad faith.

49. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered great mental

anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost wages and benefits, future pecuniary losses and other consequential damages.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment in favor of Plaintiff and against the Defendants for violation of Plaintiff's rights under The Americans With Disabilities Act;

B. Declare that the actions of the Defendants were discriminatory;

C. Award Plaintiff compensatory damages, including, but not limited to, lost wages and other benefits, in such amount as will reasonably compensate her for her losses, and damages for emotional distress;

D. Award Plaintiff punitive damages in such amount as the Court deems proper;

E. Award Plaintiff her costs, attorneys' fees and non-taxable expenses in this action;

F. Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT III
## TITLE VII PREGNANCY DISCRIMINATION CLAIM

50. Plaintiff realleges paragraphs 1 through 49 of this Complaint as and for this ¶50 as though fully set forth herein.

51. Prior to her postpartum depression diagnosis, and the Defendants decision to terminate her because of her postpartum depression, Plaintiff satisfactorily performed the requirements of her position.

52. Plaintiff was treated differently and less favorably, than non-pregnant and non-female employees because of her pregnancy and sex, respectively.

53. Defendants maintained practices and policies which resulted in discrimination against and had a disparate impact upon Plaintiff in violation of Title VII because of her sex and pregnancy.

54. Defendants also applied their policies and practices in a discriminatory manner, as evidenced by the fact that other non-pregnant and non-female employees were treated more favorably.

55. Because of Defendants' discriminatory actions, Plaintiff was damaged and has suffered the loss of wages and benefits and has suffered humiliation, embarrassment, emotional distress and other compensatory damages. The discriminatory actions by Defendants were undertaken deliberately and intentionally and with malice and reckless indifference to Plaintiff's civil rights. The acts complained of were authorized and permitted by Defendants and its officers, managers, and supervisors.

56. The justifications that Defendants had for its actions were not taken in good faith.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and requests that:

A. The Court declare, decree, and adjudge that Defendants has violated Title VII;

B. Declare that the actions of the Defendants were discriminatory;

C. Award Plaintiff compensatory damages, including, but not limited to, lost

wages and other benefits, in such amount as will reasonably compensate her for her losses, and damages for emotional distress;

  D.  Award Plaintiff punitive damages in such amount as the Court deems proper;

  E.  Award Plaintiff her costs, attorneys' fees and non-taxable expenses in this action;

  F.  Grant Plaintiff such other and further relief as the Court deems equitable and just.

JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

              Respectfully submitted,
              MEGAN ORTO


              By: /s/ Michael A. Faccenda
                One of Her Attorneys

Michael A. Faccenda
FACCENDA LAW GROUP LLC
901 West Hillgrove Ave.
LaGrange, IL 60525
Tel: (708) 497-3077
maf@connorsfaccenda.com
ARDC # 6239317

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2015-03112 |

and EEOC

State or local Agency, if any

S.S. No.

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Megan Orto | 630-486-6116 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 449 Newport Circle | Oswego, IL 60543 | 11/1/80 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Vein Clinics of America, INC. | 1,000 + | 844-819-8346 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1901 Butterfield Road | Downers Grove, IL 60515 | Cook |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)
7/26/14

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On July 26, 2014 I was terminated from my employment with the Vein Clinics of America despite my requests for a reasonable accommodation due to my disability.

In addition, I suffered disparate treatment with regard to my particular disability, post-partum depression.

As a result, I believe I was discriminated against because of my disability, severe post-partum depression, in violation of the Americans with Disabilities Act.

Group EXHIBIT A

RECEIVED EEOC
MAR 2 5 2015
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the foregoing is true and correct.

3/25/15  [signature]
Date  Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form | [ ] FEPA<br>[X] EEOC | 440-2015-03112<br>AMENDED<br>440-2015-03112 |

| | | | and EEOC |
|---|---|---|---|
| State or local Agency, if any | | S.S. No. | |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Ms. Megan Orto | 630-486-6116 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 449 Newport Circle | Oswego, IL 60543 | 11/1/80 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Vein Clinics of America, INC. | 1,000 + | 844-819-8346 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1901 Butterfield Road | Downers Grove, IL 60515 | Cook |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] AGE
[ ] RETALIATION  [ ] NATIONAL ORIGIN  [X] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)
7/26/14

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On July 26, 2014 I was terminated from my employment with the Vein Clinics of America despite my requests for a reasonable accommodation due to my disability.

In addition, I suffered disparate treatment with regard to my particular disability, post-partum depression.

As a result, I believe I was discriminated against because of my disability, severe post-partum depression, in violation of the Americans with Disabilities Act.

I was also subjected to disparate treatment based upon my sex, female and pregnancy, as a result of my post-partum depression, in violation of the Pregnancy Discrimination Act of Title VII of the Civil Rights Act of 1964.

RECEIVED EEOC
JUN 26 2015
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the foregoing is true and correct.

*Megan R. Orto*
6/26/15
Date  Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC Form 161 (11/16)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Megan Orto<br>c/o Michael A. Faccenda<br>SULLIVAN HINCKS & CONWAY<br>120 West 22nd Street<br>Suite 100<br>Oak Brook, IL 60523 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]    On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2015-03112 | Eric Lamb,<br>Investigator | (312) 869-8092 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,     6/15/2017
District Director     (Date Mailed)

Enclosures(s)

cc: VEIN CLINICS OF AMERICA
c/o Nadine Abraham, Esq.
Jackson Lewis, LLP
150 North Michigan Ave Ste 2500
Chicago, IL 60601-7619

EXHIBIT B